

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00053-CV

**DAVID B. CANTU,**

**Appellant**

 **v.**

**ENRIQUE M. CARRIZALES
AND WILIBARDO GARCIA,**

**Appellees**

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2010-4404-5**

## O R D E R

Appellee Wilibardo Garcia has filed a "Notice of Automatic Stay of Proceedings." The Notice states that Garcia's insurer, Santa Fe Auto Insurance Company, has been declared insolvent and placed into liquidation and that the Texas Commissioner of Insurance has designated Santa Fe Auto Insurance Company as an impaired insurer, effective April 5, 2013.

Attached to the Notice is a copy of the Official Order of the Texas Insurance

Commissioner in No. 2432, and it states that in Cause No. D-1-GV-13-000204, the 419th District Court of Travis County, finding Santa Fe Auto Insurance Company to be insolvent, entered an Order Appointing Liquidator and Permanent Injunction. It further states that, based on the court's insolvency finding, the Commissioner designates Santa Fe Auto Insurance Company as an "impaired insurer" under Texas Insurance Code section 462.004(5), effective April 5, 2013.

Garcia asserts that he was insured under an insurance policy issued by Santa Fe Auto Insurance Company and cites to Texas Insurance Code section 462.309, which provides for a six-month stay of a proceeding in which an impaired insurer is obligated to defend a party in a court in this state. Section 462.309 provides in part:

> (a) To permit the association to properly defend a pending cause of action, a proceeding in which an impaired insurer is a party or is obligated to defend a party in a court in this state, other than a proceeding directly related to the receivership or instituted by the receiver, is stayed for:
>
> (1) a six-month period beginning on the later of the date of the designation of impairment or the date an ancillary proceeding is brought in this state; and
> (2) a subsequent period as determined by the court, if any.
>
> (b) The stay applies to each party to the proceeding and the proceeding is stayed for all purposes.
>
> (c) A deadline imposed under the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure is tolled during the stay. Statutes of limitation or repose are not tolled during the stay, and any action filed during the stay is stayed upon the filing of the action.
>
> (d) The court in which the delinquency proceeding is pending has exclusive jurisdiction regarding the application, enforcement, and extension of the stay and may issue an injunction or another similar order to enforce the stay.

TEX. INS. CODE ANN. § 462.309 (West 2009).

Therefore, as a result of this stay, this appeal and all appellate deadlines are suspended for six months (beginning April 5, 2013) until October 5, 2013, or until such further time as ordered by the 419th District Court.[1] A period that began to run and had not expired at the time this appeal was suspended begins anew when this appeal is reinstated. A document filed by a party while this appeal is suspended will be deemed filed on the same day, but after, the Court reinstates this appeal and will not be considered ineffective because it was filed while this appeal was suspended.

It is the parties' responsibility to notify this Court if the stay is lifted or modified in a manner that will allow this appeal to proceed. This appeal will be reinstated upon proper motion showing that the stay has been lifted or modified.

No later than 14 days after the expiration of the six-month's stay, Appellant is directed to file a status report on the stay in the liquidation proceeding. The status report, which may be by letter, should include information pertaining to whether the stay has been extended by further order of the 419th District Court in the liquidation proceeding.

PER CURIAM

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Order issued and filed May 23, 2013
Do not publish

---

[1] We previously entered an April 11, 2013 order concerning Santa Fe Auto Insurance Company being placed in receivership and the application of a ninety-day stay in this appeal. Because the six-month stay supersedes the ninety-day stay, we vacate the status-report requirement in our April 11, 2013 order.